

FILED
JAN 31 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **AMERICAN SEATING COMPANY,** <br> **Plaintiff,** <br><br> v. <br><br> **FREEDMAN SEATING COMPANY,** <br> **Defendant.** | Civil Action No. 1:05-CV-0130 <br><br> Hon. Avern Cohn <br> U.S. District Judge <br><br> **CONSENT DECREE AND** <br> **FINAL JUDGMENT** |

This is a patent infringement action that the parties have agreed may be disposed of on the basis of the stipulated facts and the relief set forth below:

### Stipulated Facts

1. Plaintiff American Seating Company is the owner of United States Patent 5,152,582, covering a Self-Aligning Fastener System Having Stud-Engaging Resilient Legs ("the '582 Patent"), and sells bus seats that embody the invention to fasten removable inserts (which may be fabric-covered and cushioned) to seat shells.

2. Defendant Freedman Seating Company sells products competing with those of American Seating, including bus seats which incorporate fasteners for fastening removable inserts to seat shells.

3. American Seating commenced this action alleging that certain products sold by Freedman Seating incorporated fasteners that infringed the '582 Patent.

4. Sometime before February 17, 2005, Freedman Seating sold products incorporating a 2-piece fastener that is depicted on attached Exhibit A ("the 2-Piece Fastener").

5. By May 6, 2005, Freedman Seating began selling products incorporating a 1-piece fastener that is depicted on attached Exhibit B ("the 1-Piece Fastener"), in place of the 2-Piece Fastener. American Seating acknowledges that the 1-Piece Fastener does not respond to American Seating's '582 patent and can be sold by Freedman Seating without any further liability to American Seating.

6. Freedman Seating represents and warrants that it discontinued sales of all products incorporating the 2-Piece Fastener by May 6, 2005, and that all revenue-generating sales of the 2-Piece Fastener by Freedman Seating after February 17, 2005 are completely and accurately disclosed on attached Exhibit C ("the Disclosed Sales"), attested to by Freedman Seating's President, Craig Freedman.

7. In full and final settlement of any and all of American Seating's claims of past alleged infringement of the '582 patent by Freedman Seating, Freedman Seating agrees to pay to American Seating, within ten (10) days of the entry of this Consent Decree the sum of Six Thousand ($6,000) Dollars (the "Settlement Amount"). The Settlement Amount agreed to between American Seating and Freedman Seating is neither attributable to: i) the past or the prospective obligations of either party to the other, nor ii) a finite value of either party's obligation to the other. Rather, the value of the Settlement Amount has been reached through compromise of the liabilities alleged in the case, as well as for ease in accounting, and is not to be deemed suggestive, much less determinative, of either the commercial values, reasonable royalties, lost profits, and/or any other damages permitted under the law.

8. In reliance upon Freedman Seating's representations and warranties, above, American Seating agrees to accept the $6,000 payment in full satisfaction of all of American Seating's claims of infringement of the '582 Patent against Freedman Seating, and, on behalf of itself

2

and its officers, directors, employees, investors, shareholders, administrators, predecessor and successor corporations, agents, and assigns, hereby releases and forever discharges Freedman Seating and Freedman Seating's parent, subsidiary and affiliate corporations and each of their respective officers, owners, parent corporations, employees, agents, insurers, reinsurers and legal representatives from any and all claims, accusations, judgments, penalties, demands, actions, causes of action, counterclaims, defenses, suits, damages or liabilities that American Seating may have, or claim to have had, against Freedman Seating ("the Claims"), from the beginning of time up to the Effective Date of this Consent Decree, which relate to or arise out of: (a) the 1-Piece Fastener distributed by Freedman Seating at any time; (b) the 2-Piece Fastener distributed by Freedman Seating on or before February 17, 2005; and (c) the Disclosed Sales of Freedman Seating's 2-Piece Fastener shown on Exhibit C.

9. American Seating covenants and agrees never to sue or threaten to sue Freedman Seating and never to make any claim whatsoever against Freedman Seating or Freedman Seating's customers arising out of the Claims released hereby.

10. American Seating and Freedman Seating respectively acknowledge, by this Consent Decree and Final Judgment, this Court's jurisdiction over the parties and the subject matter of this action.

11. The rights, benefits and obligations under this Consent Decree and Final Judgment shall inure to the parties hereto as well as to their respective representatives, successors and assigns, and shall be binding upon each of the parties hereto, as well as their respective representatives, successors and assigns.

**Relief**

NOW THEREFORE, it is hereby ordered, adjudged, and decreed that:

A. All claims asserted by American Seating in this action, insofar as they pertain to the 1-Piece Fastener, are hereby dismissed with prejudice.

B. Freedman Seating and all persons in privity with Freedman Seating are hereby enjoined from selling or offering to sell the 2-Piece Fastener, or any product incorporating the 2-Piece Fastener, until the '582 Patent is no longer in force and effect.

C. The Court retains jurisdiction for purposes of enforcing the provisions of this Consent Decree and Final Judgment.

D. Neither party is entitled to costs or attorney fees.

E. This Consent Decree and Final Judgment is a final disposition of all claims in this action.

Dated: JAN 3 1 2007

Hon. Avern Cohn
U.S. District Judge

APPROVED AS TO FORM AND SUBSTANCE:

FISHER & DICKINSON P.C.
Attorneys for American Seating Company

By: /s/
Todd R. Dickinson

GREENBERG TRAURIG, LLP
Attorneys for Freedman Seating Company

By: /s/
Richard D. Harris

4

# EXHIBIT A

**PAGE 1 OF 2**





*American Seating v. Freedman Seating*, Case No. 1:05-cv-0130, U.S. District Court, W.D. Mich.

# EXHIBIT A                             PAGE 2 OF 2





*American Seating v. Freedman Seating*, Case No. 1:05-cv-0130, U.S. District Court, W.D. Mich.

# EXHIBIT B

# PAGE 1 OF 2





*American Seating v. Freedman Seating*, Case No. 1:05-cv-0130, U.S. District Court, W.D. Mich.

# EXHIBIT B                        PAGE 2 OF 2





*American Seating v. Freedman Seating,* Case No. 1:05-cv-0130, U.S. District Court, W.D. Mich.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AMERICAN SEATING COMPANY,<br>Plaintiff,<br><br>v.<br><br>FREEDMAN SEATING COMPANY,<br>Defendant. | Civil Action No. 1:05-CV-0130<br><br>Hon. Avern Cohn<br>U.S. District Judge<br><br>CONSENT DECREE AND<br>FINAL JUDGMENT – EXHIBIT "C" |

### DECLARATION OF CRAIG FREEDMAN

I, Craig Freedman, hereby declare as follows:

1. I am the President of Freedman Seating Company.

2. As President of Freedman Seating Company, I have access to the purchase, sales and distribution records of Freedman Seating Company kept in the ordinary course of business. I have reviewed those records diligently for the purpose of making this declaration, and, to the best of my knowledge, information and belief, all revenue-generating sales of the 2-Piece Fastener by Freedman Seating for seat products delivered to customers between February 17, 2005 and May 6, 2005 are accounted for in the information attached hereto. Further, Freedman has not sold for revenue the 2-Piece Fastener subsequent to May 6, 2005.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 2_, 2007

_____
Craig Freedman

| Customer | Order No. | Unit (Bus) No. Per Order | Date of Shipment | No. of Seat Assemblies | Seat Assembly Alignment | No./Type of Seat Components | Total Passengers |
|---|---|---|---|---|---|---|---|
| | | 1 of 1 | 3/4/2005 | 7 | 4 doubles/2 triples/1 quint | 11 singles/4 doubles | 19 |
| | | 1 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 2 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 3 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 4 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 5 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 6 of 6 | 3/14/2005 | 16 | 2 singles/11 doubles/2 triples/1 quint | 17 singles/9 doubles | 35 |
| | | 1 of 1 | 4/20/2005 | 13 | 2 singles/8 doubles/2 quads/1 quint | 15 singles/8 doubles | 31 |
| | | 1 of 5 | 5/4/2005 | 7 | 3 triples/3 quads/1 quint | 26 singles | 26 |
| | | 2 of 5 | 5/4/2005 | 7 | 3 triples/3 quads/1 quint | 26 singles | 26 |
| | | 3 of 5 | 5/4/2005 | 7 | 3 triples/3 quads/1 quint | 26 singles | 26 |
| | | 4 of 5 | 5/4/2005 | 7 | 3 triples/3 quads/1 quint | 26 singles | 26 |
| | | 5 of 5 | 5/4/2005 | 7 | 3 triples/3 quads/1 quint | 26 singles | 26 |

Confidential Information Redacted

Unredacted Original Retained by Counsel

| Customer | Order No. | Unit (Bus) No. Per Order | Date of Shipment | No. of Seat Assemblies | Seat Assembly Alignment | No./Type of Seat Components | Total Passengers |
|---|---|---|---|---|---|---|---|
| Confidential Information Redacted | Unredacted Original Retained by Counsel | 1 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 2 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 3 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 4 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 5 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 6 of 6 | 4/29/2005 | 12 | 2 singles/5 doubles/4 triples/1 quint | 19 singles/5 doubles | 29 |
| | | 1 of 1 | 5/4/2005 | 13 | 9 doubles/3 triples/1 quint | 18 singles/7 doubles | 32 |

Freedman Seating Company

Page 2